**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SOPHIE BLANGA, on behalf of herself and all others similarly situated,

                Plaintiffs,

-against-

NATIONWIDE CREDIT, INC.,

                Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff SOPHIA BLANGA (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Law Office of Alan J. Sasson, P.C., against Defendant NATIONWIDE CREDIT, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Upon information and belief, Defendant's principal place of business is located in Allentown, Pennsylvania.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed to American Express, that contain the alleged violation arising from Defendant's violation of 15 U.S.C. §§1692g and 1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

- c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
- d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

- Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT PARTICULAR TO SOPHIA BLANGA

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid tuition balance allegedly owing to Department Store National Bank.

17. On or around February 7, 2017, Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. Defendant's February 7, 2017 Collection Letter provides that the Account Balance is $1,358.62.

21. Defendant's February 7, 2017 Collection Letter further states: "The Account Balance above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and

5

system limitations."

22. Defendant was attempting to collect on Plaintiff's purportedly overdue credit card account with American Express ("AMEX").

23. Upon information and belief, Plaintiff's account with AMEX was charged-off and is not subject to change, and will never increase due to any terms of the original agreement.

24. Upon information and belief, the amount due and collected by Defendant will never change due to interest, late charges or other charges.

25. Rather, upon information and belief, Defendant subtly pressed the least sophisticated consumer, in an attempt at pressuring Plaintiff into paying the account quickly, so as to avoid these non-existent fees subject to such "timing and system limitations."

26. Upon information and belief, Defendant has no legal or contractual right to change the amount that Plaintiff allegedly owes to the Creditor.

27. As a result of the following Counts Defendant violated the FDCPA.

### First Count
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

30. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

31. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that the account balance stated above was "subject to

timing and system limitations." As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

32. The Defendant is incorrect in its characterization of the Defendant's violation of Section 1692e of the FDCPA. The Collection Letter states that the "interest accrued," "non-interest charges or fees accrued since charge-off" and "total payments made since charge-off" is "$0.00."

33. Further down the page, however, the Collection Letter states that "[t]he itemization reflects the post-charge-off activity we received from American Express and as such is subject to timing and system limitations."

34. Based on the itemization language, the amount of interest and fees the Plaintiff may owe in the future is either $0.00, as stated in the letter, or some larger amount.

35. If that amount is more than $0.00, the Defendant is required to inform Plaintiff and the least sophisticated consumer that there may be a variation.

36. In a recent Second Circuit decision, the Court in *Avila v. Riexinger & Associates, LLC* held that the FDCPA does not only require disclosure of "the amount of the debt." 2016 U.S. App. LEXIS 5327, at *7 (2d Cir. 2016). The Court instead adopted the Seventh Circuit's "safe harbor approach" formulated in *Miller v. Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), which was intended to address the concern that including information regarding accruing interest and fees in a collection notice could deceitfully coerce consumers and invite abuse. While the Court did not require a debt collector to use the "safe harbor approach" in order to comply with §1692e, the Court held that a debt collector will not violate § 1692e if either: (1) the collection notice states that the amount of debt will increase over time,

or (2) clearly states that the debt collector will accept the amount stated in the notice in full satisfaction of the debt if payment is made by a specific date.

37. This type of language is clearly absent from the Collection Letter at issue.

38. A statement that the itemization is subject to "timing and system limitations" does not inform the least sophisticated consumer that the amount of debt will increase over time.

39. Furthermore, "timing and system limitations" is an extremely ambiguous phrase, subject to a myriad of interpretations.

40. Nor does the phrase clearly inform the least sophisticated consumer that interest and fees may continue to increase over time if the debt is not timely paid.

41. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## Second Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 42" herein with the same force and effect as if the same were set forth at length herein.

44. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

45. Said letter stated in pertinent part as follows: "Charges or fees accrued since charge-off: $0.00."

46. The notification of said "Charges or fees accrued since charge-off: $0.00" is unlawful.

47. Defendant did not have any legal basis for adding a "Charges or fees accrued since charge-off" onto Plaintiff's alleged debt.

48. The least sophisticated consumer could be led to believe that although there are no "Charges or fees" at the time he received said letter, he may be liable to same in the near future.

49. The said letter language implies a threat, and is confusing to the least sophisticated consumer so as to falsely imply that the creditor is entitled to compensation for "Charges or fees."

50. Defendant was not entitled to impose "Charges or fees" as a permissible fee that a creditor may charge in connection with a consumer credit transaction. *Tylke v. Diversified Adjustment Service, Inc.*, No. 14-CV-748 (E.D. Wis. Oct. 28, 2014). ([I]t is possible that, as the defendant suggests, an "unsophisticated consumer" might understand the statement to be explaining that no part of the debt is a "collection fee" even though the (creditor's) agreement allows for one. On the other hand, it is also possible that an "unsophisticated consumer" would interpret the statement to mean that there is no "collection fee" now but that one could be assessed later on. In other words, the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one. Such a reading is neither bizarre nor idiosyncratic.)

51. Said language can be reasonably read to have two or more different meanings, one of which is false. *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one

of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

52. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

53. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

54. Defendant's February 7, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Law Office of Alan J. Sasson, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> By: /s/ Alan J. Sasson
> Alan J. Sasson, Esq.
> Law Office of Alan J. Sasson, P.C.
> 2687 Coney Island Avenue, 2nd Floor
> Brooklyn, New York 11235
> Phone: (718) 339-0856
> Facsimile: (347) 244-7178
> *Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> /s/ Alan J. Sasson
> Alan J. Sasson, Esq.

Dated: Brooklyn, New York
March 15, 2017